UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON MICHAEL SEYMOUR,<br><br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | Case No.  1:21-cv-00619-ADA-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT**<br><br>(Docs. 20, 21)<br><br>FOURTEEN-DAY DEADLINE |

**<u>Findings and Recommendations</u>**

**INTRODUCTION**

Plaintiff Jon Michael Seymour ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for issuance of findings and recommendations.

---

[1]  Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

Case 1:21-cv-00619-ADA-BAM   Document 23   Filed 05/10/23   Page 2 of 12

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court will recommend denying Plaintiff's appeal and affirming the agency's determination to deny benefits.

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed an application for disability insurance benefits on January 4, 2019. AR 194-95, 196-97.[2] Plaintiff alleged that he became disabled on December 12, 2017, due to spinal stenosis and degenerative disc disease. AR 261. Plaintiff's application was denied initially and on reconsideration. AR 102-06, 111-15. Subsequently, Plaintiff requested a hearing before an ALJ. Following a hearing, ALJ Kevin Himebaugh issued an order denying benefits on August 27, 2020. AR 12-28, 40-60. Thereafter, Plaintiff sought review of the decision, which the Appeals Counsel denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.

**Hearing Testimony**

ALJ Himebaugh held a telephonic hearing on August 12, 2020. Plaintiff appeared with his attorney, Lars Christenson. Sandra Smith-Cordingly, an impartial vocational expert, also appeared and testified. AR 42.

In response to questions from the ALJ, Plaintiff testified that he lives at home with his wife and his three children, ages 26, 17, and 12-years old. AR 45. He has a driver's license, but if he drives for more than half an hour, then his neck and lower back start to hurt. He has a high school education and has not worked since his alleged disability date. AR 45-46.

In response to questions from his attorney, Plaintiff testified that he was laid off of work in 2017. He had been dealing with back and neck issues for years before that, but finally decided to get them checked out. When asked about his pain, Plaintiff reported that it is mostly in his lower back when standing and walking and in his neck when sitting or driving. Standing and walking cause the most discomfort. He tried physical therapy, but it was not helpful. His pain medicine helps a little bit,

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

but injections in his lower back and neck did not. With medication, his pain is about a 6 on a scale of one to ten. Too much physical activity increases the pain and lying down helps decrease the pain. Surgery has been recommended for his neck and lower back, but it was delayed due to the COVID pandemic. AR 47-50.

When asked about a typical day, Plaintiff testified that he could go to the store and get stuff to cook dinner. For most of the rest of the day, he lies on the couch. He can cook dinner, but cannot do the dishes because leaning over the sink is painful. After doing activities like shopping and cooking, he has to take breaks. His wife takes care of most of the household chores. AR 50-51.

When asked about his medications, Plaintiff testified that he does not have any negative side effects. On occasion, he gets tired. His doctor recommended that he not do any commercial driving because of the medication. It may impair his thinking or reaction time a little bit. He no longer has his class A license. He could not pass the physical because of the medication. AR 52-53.

Plaintiff testified that sitting down is more comfortable than being on his feet. He cannot sit down for very long and will have to lie down when he cannot sit. He lies down 85-90% of the day. AR 53.

When asked about his abilities, Plaintiff testified that he could lift 20 pounds successfully, but not repetitively. He could be on his feet for a total of two hours out of a typical eight-hour day, could sit about three hours total, and the remaining three hours would be lying down. If his surgeries are successful and help reduce his pain, then he would go back to work. AR 54.

Following Plaintiff's testimony, the ALJ elicited testimony from the VE. The VE characterized Plaintiff's past work as construction worker I, delivery route truck driver, a composite job with two titles – delivery driver, and appliance installer, and trucker helper. AR 55-56. The ALJ also asked the VE hypothetical questions. For the first hypothetical, the ALJ asked the VE to consider a person of Plaintiff's age, education, and past jobs. This person could perform a reduced range of light work because this person could stand and/or walk up to four hours out of an eight-hour workday, occasionally climb, balance, stoop, kneel, crouch, and crawl, occasionally reach overhead, and no commercial driving. The VE testified that this would rule out Plaintiff's past employment, but there would be other jobs that could be done at that reduced range of light work, such as information clerk,

electronics worker, and bench assembler. AR 56-57. The VE explained that the reduced range of standing and walking for light jobs and the directional reaching with only occasional overhead reaching are not addressed by the Dictionary of Occupational Titles and are based on the VE's professional experience of over 25 years in the field and familiarity with the jobs cited. AR 57.

If the ALJ reduced the exertional level to sedentary, with no overhead reaching and no commercial driving, then skills from Plaintiff's past work would not be transferable to a sedentary job. AR 57. The VE testified that based on her professional experience, employers will not tolerate more than 10 percent of the workday being off task or more than six to eight absences on an annual basis. The VE also testified that frequently no absences are permitted within the first 90 days of employment. AR 57-58.

For the next hypothetical, Plaintiff's counsel asked the VE to take hypothetical one with the reduced stand/walk of four and add a sit/stand option every 30 minutes. The VE testified that the identified jobs for the first hypothetical would still be available with the sit/stand option. To be very conservative, the VE might reduce the numbers by 20 percent. AR 58-59. If the person needed to take more than two unscheduled breaks for fifteen minutes each in addition to normally scheduled breaks, those breaks would be work preclusive. AR 59.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 12, 2017, the alleged onset date. AR 17. Plaintiff had the following severe impairments: obesity and degenerative disc disease of the cervical, thoracic, and lumbar spine. AR 17. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 18.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except that he could stand and/or walk up to four

1  hours out of an eight-workday, could occasionally climb, balance, stoop, kneel, crouch, and crawl,
2  could perform occasional overhead reaching, and could do no commercial driving.  AR 18-26.  With
3  this RFC, the ALJ found that Plaintiff was unable to perform any past relevant work, but there were
4  other jobs in the national economy that Plaintiff could perform, such as information clerk, electronics
5  worker, and bench assembler.  AR 26-28.  The ALJ therefore concluded that Plaintiff was not disabled
6  from December 12, 2017, through the date of the decision.  AR 28.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

**REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which

5

1  exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The
2  burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir.
3  1990).

## **DISCUSSION**[3]

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's symptom complaints. Plaintiff also argues that the RFC finding is contrary to law because it fails to adhere to the definitions of light and sedentary work, his RFC is facially consistent with only sedentary work, and the ALJ improperly applied the grid rule for light work.

### **A. Plaintiff's Subjective Complaints**

Plaintiff argues that the ALJ failed to identify any clear and convincing reasons, supported by the record, for discounting Plaintiff's pain symptoms and alleged limitations. (Doc. 20 at pp. 9-10.)

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of her impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

At the outset, the ALJ acknowledged and accepted that Plaintiff had been subject to a degree of pain and functional limitations and accordingly reduced the RFC to accommodate those limitations. For instance, the ALJ explained that exertional and postural restrictions were incorporated in the RFC to accommodate the claimant's obesity, "and his alleged pain, including pain from degenerative disc disease of the cervical, thoracic, and lumbar spine." AR 22. The ALJ further explained that "based on claimant's reported intolerance of prolonged standing or walking," Plaintiff was limited to standing and/or walking for a total of four hours in an eight-hour workday. AR 22. Also, based on Plaintiff's

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

cervical spine symptoms, the ALJ limited Plaintiff to only occasional overhead reaching bilaterally. AR 22. It is clear from the ALJ's decision that he accepted Plaintiff's subjective complaints and allegations, at least to some degree, and accounted for them in the RFC.

As for the remaining degree of symptom allegations, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but discounted his statements concerning the intensity, persistence and limiting effects of those symptoms. AR 23. The ALJ was therefore required to provide specific, clear and convincing reasons to discount Plaintiff's statements.

First, the ALJ discounted Plaintiff's allegations as unsupported by the medical record. AR 22. Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). In particular, the ALJ discussed Plaintiff's hearing testimony related to his pain and limited ability to sit, stand, and walk in a workday, including Plaintiff's assertion that he essentially spent 85-90 percent of his days lying down. AR 22. The ALJ discounted these assertions, determining that the record did not support "such significant prolonged reclined activity." AR 22. The ALJ also discounted the assertions because Plaintiff's "pain clinic treatment notes consistently indicated that he did not demonstrate pain behaviors, he was in no acute distress, he did not use assistive devices to aide in ambulation, and his gait was non-antalgic. AR 22, citing AR 420-34, 473-81, 520-61.

Additionally, the ALJ noted that "the objective findings in the record were somewhat inconsistent with the claimant's statements concerning the intensity, persistence, and limiting effects of his symptoms." AR 23. For example, the ALJ cited the discrepancy between Plaintiff's imaging studies, which demonstrated significant degenerative changes of the cervical, thoracic, and lumbar spine prompting Plaintiff's neurosurgeon, Dr. Justin Paquette, to recommend surgical intervention, and Plaintiff's physical examination findings that generally indicated he retained the capacity for light work. AR 22. The ALJ explained that although there was some evidence of abnormalities in the examination findings, there also was evidence of normal functioning, including full strength in the bilateral lower extremities, intact sensation in the lower extremities, no use of an assistive device to aid in ambulation, a non-antalgic gait, no display of pain behaviors during his exams, and no acute

1   distress. AR 23, citing AR 421-34 (no pain behavior throughout exams, no acute distress, full motor
2   strength in lower extremities, intact sensation in lower extremities, no assistive device, gait not
3   antalgic); 473-79 (same), 520-60 (same). The ALJ further noted that even at Plaintiff's neurosurgical
4   consultation with Dr. Paquette in June 2019, Plaintiff had normal neck and trunk range of motion, full
5   strength in the upper and lower extremities, and intact sensation in the upper and lower extremities.
6   AR 23, citing AR 483-85.

7   Plaintiff complains that the ALJ failed to indicate which of Plaintiff's allegations were not
8   supported by objective findings. (Doc. 20 at p. 9.) This complaint is belied by the ALJ's decision,
9   which expressly identified Plaintiff's allegations of pain and restrictions on his ability to sit, stand, and
10  walk, and his assertion that he spends 85-90% of the day reclined. AR 22, 23.

11  Plaintiff also complains that the ALJ improperly cherry-picked evidence to support a
12  conclusion. However, the ALJ acknowledged a degree of Plaintiff's pain and functional limitations
13  and accommodated those limitations in the RFC. The ALJ also acknowledged evidence of
14  abnormalities in the examination findings when pointing out inconsistencies regarding objective
15  findings related to Plaintiff's alleged limitations. Further, even if the evidence "is susceptible to more
16  than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Ford v. Saul*, 950 F.3d
17  1141, 1154 (9th Cir. 2020), citing *Burch*, 400 F.3d at 679; *see also Batson*, 359 F.3d at 1197-98.

18  As an additional reason for discounting Plaintiff's subjective complaints, the ALJ explained
19  that "[t]he record contained opinion evidence that was inconsistent with the claimant's statements
20  concerning the intensity, persistence, and limiting effects of his symptoms." AR 23. "[A] finding that
21  a claimant's symptom allegations are inconsistent with the medical opinions constitutes a clear and
22  convincing reason for rejecting the claimant's subjective testimony." *Schilling v. Comm'r of Soc.*
23  *Sec.*, No. 1:21-cv-01268-SAB, 2022 WL 17418343, at *11 (E.D. Cal. Dec. 5, 2022), citing *Hairston v.*
24  *Saul*, 827 F. App'x 772, 773 (9th Cir. Oct. 28, 2020); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533
25  F.3d 1155, 1161 (9th Cir. 2008); *Woods v. Comm'r of Soc. Sec.*, No. 1:20-cv-01110-SAB, 2022 WL
26  1524772, at *10 n.4 (E.D. Cal. May 13, 2022).

27  Here, the ALJ determined that the opinion of Dr. Vinay Buttan – who opined that Plaintiff
28  should be able to sit for 5 to 6 hours a day, not more than 1 hour at a time, should be able to stand for 5

8

to 6 hours and walk for 5 to 6 hours, should be able to occasionally lift and carry, could do occasional bending, kneeling, squatting, and crouching, should be able to work with his hands (like manipulate small tools, instruments, and work on the keyboard), should be able to drive for 4 to 5 hours a day, and was capable of doing household work – was mostly persuasive, consistent with the record as a whole, and indicated that Plaintiff was limited to a range of light work.  AR 23, 25, 325-27.  Similarly, the ALJ concluded that the opinions of Drs. Nancy Childs and E. Wong – who opined that Plaintiff could lift and/or carry 20 pounds occasionally, 10 pounds frequently, could stand and/or walk about 6 hours in an 8-hour workday, could sit about 6 hours in an 8-hour workday, could occasionally climb ramps, stairs, ladder, ropes, and scaffolds, could occasionally balance, stoop, kneel, crouch, and crawl, and could occasionally reach overhead– were somewhat persuasive, consistent with the record as a whole, and indicated that Plaintiff was limited to a range of light work.  AR 23-24, 80-81, 92-94.  These medical opinions conflict with Plaintiff's allegations of completely debilitating impairments.  Plaintiff has not challenged the ALJ's evaluation of this medical opinion evidence.

Based on the above, the Court finds that the ALJ provided clear and convincing reasons to discount Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms.

**B.  RFC Finding and Step Five Determination**

Plaintiff argues that because he was "closely approaching advanced age" at the alleged onset date, with his education and no transferable job skills (per VE testimony), his RFC places him between two exertional levels: the light medical vocational rule 202.14,which provides a finding of "not disabled," and the sedentary rule 201.14, which provides a finding of "disabled." (Doc. 20 at p. 11.) Plaintiff further argues, however, that because his RFC is so significantly reduced below the demands of light work such that he is capable of little more than the occupational base for sedentary work a finding of disabled is justified.  (*Id.* at p. 12.)  The Commissioner agrees that Plaintiff's RFC falls between the sedentary and light work categories, but contends that the ALJ properly consulted the VE, who testified that light jobs existed in the national economy that Plaintiff could perform.  (Doc. 21 at p. 11.)

Where a claimant's RFC is between categories, agency guidance instructs the ALJ to consult with a VE.  Social Security Ruling 83–12 states, in relevant part:

> 2. If the exertional level falls between two rules which direct opposite conclusions, i.e. "Not disabled" at the higher exertional level and "Disabled" at the lower exertional level, consider as follows:
>
> a. An exertional capacity that is only slightly reduced in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of "Not disabled."
>
> b. On the other hand, if the exertional capability is significantly reduced in terms of the regulatory definition, it could indicate little more than the occupational base for the lower rule and could justify a finding of "Disabled."
>
> c. In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining vocational base to support a conclusion as to disability. Accordingly, [VE] assistance is advisable for these types of cases.

SSR 83-12, 1983 WL 31253 (Jan. 1, 1983); *Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000) ("SSR 83–12 directs that when a claimant falls between two grids, consultation with a VE is appropriate. SSR 83–12(2)(c)."); *Anaya v. Kijakazi*, No. 2:20-cv-02548 AC, 2022 WL 1541568, at *6 (E.D. Cal. May 16, 2022) ("Under agency policy and Ninth Circuit precedent, when an RFC … falls between two levels of exertion, the ALJ must consult with a vocational expert ("VE") to determine what work the claimant can still do."); *Young v. Colvin*, No. EDCV 15-1124-JPR, 2016 WL 4520885, at *5 (C.D. Cal. Aug. 29, 2016) (concluding ALJ properly consulted VE to determine whether any available light-work jobs would adequately accommodate plaintiff's RFC, which fell somewhere between sedentary and light exertion); *cf. Tackett v. Apfel*, 180 F.3d 1094, 1101-02 (9th Cir. 1999) ("The ALJ may rely on the grids alone to show the availability of jobs for the claimant 'only when the grids accurately and completely describe the claimant's abilities and limitations.'") (citation omitted).  In this case, the ALJ properly consulted the VE to determine whether any available light-work jobs would adequately accommodate Plaintiff's specific limitations. The VE identified three different jobs available in the national economy that Plaintiff could perform:  Information Clerk, Electronics Worker, and Bench Assembler.  AR 27, 57.

1    Plaintiff argues that his exertional capacity does not fall "somewhere in the middle" between
2 sedentary and light as required by SSR 83-12.  Rather, he contends that his RFC is so significantly
3 reduced below the demands of "light work" that it nearly mirrors the regulatory definition of sedentary
4 work, which would have meant that he was classified as disabled.  (Doc. 20 at pp. 11-12.)  Plaintiff's
5 argument is not persuasive.  As contemplated by the ALJ, the RFC limitation to standing and walking
6 four hours per 8-hour workday falls between (or somewhere in the middle of) the sedentary exertional
7 level (no more than about 2 hours of an 8-hour workday) and the "full range of light work"
8 (approximately 6 hours of an 8-hour workday).  SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983), AR
9 56 ("a reduced range of light because this person can stand and/or walk up to four hours out of an
10 eight hour workday as opposed to the typical six for light").  The Court therefore finds that the ALJ
11 properly consulted the VE and did not commit reversible error at step five of the sequential evaluation.

## **CONCLUSION AND RECOMMENDATION**

13    Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial
14 evidence in the record as a whole and is based on proper legal standards.  Accordingly, IT IS
15 HEREBY RECOMMENDED as follows:

16   1. Plaintiff's appeal from the administrative decision of the Commissioner of Social
17      Security be denied;
18   2. The Commissioner's determination to deny benefits be affirmed; and
19   3. The Clerk of this Court be directed to enter judgment in favor of Defendant Kilolo
20      Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Jon Michael
21      Seymour.

22    These Findings and Recommendations will be submitted to the United States District Judge
23 assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being
24 served with these findings and recommendations, the parties may file written objections with the
25 Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
26 Recommendations."  The parties are advised that the failure to file objections within the specified time
27 may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.
28

*Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 9, 2023**                                    /s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE