UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON MICHAEL SEYMOUR, | No. 1:21-cv-00619-ADA-BAM |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | (ECF Nos. 10, 21, 23) |
| Defendant. | |

Plaintiff Jon Michael Seymour ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act.

On May 10, 2023, the assigned Magistrate Judge issued findings and recommendations recommending that Plaintiff's appeal from the administrative decision of the Commissioner be denied, and that the Commissioner's determination be affirmed. (ECF No. 23.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. (*Id.* at 11.) Plaintiff filed objections on May 24, 2023. (ECF No. 24.) The Commissioner did not respond to the objections.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this Court has conducted a *de novo* review of the case, including Plaintiff's objections. Having carefully reviewed the entire file, the Court finds that the findings and recommendations are supported by the record and proper analysis. The Court has considered Plaintiff's objections but finds no basis to reject the Magistrate Judge's findings and recommendations.

First, Plaintiff objects to the Magistrate Judge's finding that the ALJ properly evaluated Plaintiff's subjective complaints. (ECF No. 24 at 1-3.) Plaintiff argues that the ALJ's finding that Plaintiff can stand and walk for four hours out of an eight-hour workday does not reflect his testimony that he spends 85-90% of his day reclining. (*Id.* at 2.) The Court does not find this reasoning persuasive because the vocational expert's objective medical evidence contradicts Plaintiff's testimony. (*See* ECF No. 23 at 3.) The vocational expert, providing an impartial and neutral opinion, concluded that based on Plaintiff's age, education, and past jobs, he may perform a reduced range of light work because he could stand or walk up to four hours out of an eight-hour workday. (ECF No. 13-1 ("Administrative Record" or "AR") at 60-62.) Plaintiff argues that the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. (ECF No. 24 at 2.) Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it may still be a factor that the ALJ can consider. *See Burch v. Burnhart*, 400 F.3d 676, 680 (9th Cir. 2005). An example of the ALJ considering Plaintiff's subjective complaints is reflected in the determination of Plaintiff's residual functional capacity ("RFC"). The ALJ explained that exertional and postural restrictions were incorporated in the RFC to accommodate the claimant's obesity, "and his alleged pain, including pain from degenerative disc disease of the cervical, thoracic, and lumbar spine." (AR at 27.) The ALJ further explained that "based on claimant's reported intolerance of prolonged standing or walking," Plaintiff was limited to standing and/or walking for a total of four hours in an eight-hour workday. (*Id.*) Therefore, the Court adopts the Magistrate Judge's finding that the ALJ properly evaluated Plaintiff's subjective complaints.

Second, Plaintiff objects to the Magistrate Judge's determination based on the ALJ's five-step evaluation. (ECF No. 24 at 3-6.) Plaintiff argues that the ALJ failed to provide a reasonable

explanation as to how Plaintiff can still perform "light" work jobs despite his limitations to "sedentary" work jobs. (*Id.* at 4.) The ALJ consulted the vocational expert to determine whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (AR at 32.) The vocational expert testified that Plaintiff would be able to perform the occupations of information clerk, electronics worker, and bench assembler. (*Id.*) Although Plaintiff argues that the ALJ may not rely on the vocational expert's professional experience, an ALJ may consult with a vocational expert when a claimant's residual functional capacity is between categories. *See Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000). Therefore, the Court adopts the Magistrate Judge's determination on the fifth step of the five-step evaluation for disability.

Accordingly,

1. The findings and recommendations issued on May 10, 2023, (ECF No. 23), are adopted in full;
2. Plaintiff's appeal from the administrative decision of the Commissioner of Social Security is denied and the Commissioner's determination to deny benefits is affirmed; and
3. The Clerk of this Court is directed to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Jon Michael Seymour.

IT IS SO ORDERED.

Dated:   September 7, 2023

UNITED STATES DISTRICT JUDGE